**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BOBBY EUGENE FAIR, | No. CV 07-793-PHX-MHM (GEE) |
| Petitioner, | **ORDER** |
| vs. | |
| DORA B. SCHRIRO; et al., | |
| Respondents. | |

Petitioner *pro se*, Bobby Eugene Fair ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 16, 2007.  (Dkt. #1).  The matter was assigned to United States Magistrate Judge Glenda E. Edmonds, who issued a Report and Recommendation on December 17, 2007 (Dkt. #14), recommending that the Court dismiss the Petition for Writ of Habeas Corpus.  Petitioner filed a written objection to the Report and Recommendation on February 21, 2008.  (Dkt. #17).  In addition, Petitioner filed a Motion for Status on September 18, 2008.  (Dkt. # 19).

**STANDARD OF REVIEW**

A district court must review the legal analysis in a Magistrate Judge's Report and Recommendation *de novo*.  See 28 U.S.C. § 636(b)(1)(C).  In addition, a district court must review the factual analysis in the Report and Recommendation *de novo* for those facts to which objections are filed.  See United States v. Reyna-Tapia, 328 F.3d 1114,

1121 (9th Cir. 2003) (en banc); <u>see also</u> 28 U.S.C. § 636(b)(1)(C) ("A judge of the court
shall make a de novo determination of those portions of the report or specified proposed
findings or recommendations to which objection is made.") "Failure to object to a
magistrate judge's recommendation waives all objections to the judge's findings of fact."
<u>Jones v. Wood</u>, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

**DISCUSSION**

Petitioner objects to the Magistrate Judge's Report and Recommendation on two
grounds: (1) that the running of the statute of limitations period should have been
triggered by 28 U.S.C. § 2244(d)(1)(D), not 28 U.S.C. § 2244(d)(1)(A); (2) that the
dismissal of the petition will result in a miscarriage of justice.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
one-year statute of limitations on state prisoners seeking federal habeas relief from state
convictions.  See <u>Lott v. Mueller</u>, 304 F.3d 918, 920 (9th Cir. 2000).  The statute of
limitations period begins to run at "the date on which judgment became final by the
conclusion of direct review or the expiration of the time for seeking such review."  28
U.S.C. § 2244(d)(1)(A).

AEDPA provides that a petitioner is entitled to the tolling of the statute of
limitations during the pendency of a "properly filed application for State post-conviction
or other collateral review with respect to the pertinent judgment or claim . . . ."  28
U.S.C. § 2244(d)(2); <u>see also</u> <u>Artuz v. Bennet</u>, 531 U.S. 4, 8 (2000).  Notably, a state
court petition that is filed after the expiration of the statute of limitations does not revive
the running of the limitations period.  See <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th
Cir. 2003).  AEDPA is also subject to the doctrine of equitable tolling when a petitioner
untimely files because of extraordinary circumstances that are beyond his control and
unavoidable even with due diligence.  28 U.S.C. § 2244(d)(1); <u>see</u> <u>Miles v. Prunty</u>, 187
F.3d 1104, 1107 (9th Cir. 1999).

In the instant case, the Arizona Court of Appeals affirmed Petitioner's conviction
and sentences on January 13, 2005.  Petitioner had 30 days to petition the Arizona

1    Supreme Court for review.  Ariz.R.Crim.P. 31.19(a).  Petitioner failed to file for review,

2    and as such, his judgment became final on February 14, 2005.[1]  The limitation period

3    began to run the next day, and ran for 37 days until March 24, 2005, when Petitioner filed

4    his notice of post-conviction relief.  Accordingly, the statute of limitations period was

5    tolled until the trial court denied Petitioner's Rule 32 petition on February 7, 2006.  28

6    U.S.C. § 2244(d)(2).  Absent any additional statutory or equitable tolling, the Petition for

7    Writ of Habeas Corpus was due on January 2, 2007.[2]  Although Petitioner filed two

8    separate motions for rehearing,[3] the motions were filed outside of the 15 day filing

9    requirement.  Thus,  Petitioner's filing of motions for rehearing after the expiration of the

10   statute of limitations did not revive the running of the statute of limitations.  Ferguson,

11   321 F.3d at 823.  As such, this Court finds that there was no additional statutory tolling.

12   Petitioner does not argue, nor is there evidence to indicate, that equitable tolling would be

13   warranted in this case.  Therefore, the deadline for filing a Petition for Writ of Habeas

14   Corpus was January 2, 2007.  Petitioner did not file the instant petition until April 16,

15   2007 (Dkt. #1); thus, the petition is time-barred.

16       Petitioner argues that the statute of limitations period should be triggered by 28

17   U.S.C. § 2244(d)(1)(D), as opposed to 28 U.S.C. § 2244(d(1)(A).  28 U.S.C. §

18

19   [1] The 30th day is February 12, 2005, but this is a Saturday.  Therefore, the deadline
     was automatically extended to February 14, 2005.  See Ariz.R.Crim.P. 1.3(a).

20

21   [2] The federal statute of limitations began running once again from the date where it
     left off (i.e. 328 days remained for Petitioner to file his petition).  See Smith v. McGinnis,
22   208 F.3d 13 (2d Cir. 2000) (tolling provision suspended limitations period while petition was
     pending, but did not reset the limitations period).  Ordinarily, the limitations period would
23   have expired on January 1, 2007, but that date was a holiday; therefore the limitation period
24   expired the next day on January 2, 2007.  Fed.R.Civ.P. 6(a).

25   [3] Petitioner's motions for reinstatement of his Rule 32 petition appear to be motions
     for rehearing pursuant to Ariz.R.Crim.P 32.9(a).  The rule allows for two avenues of review
26   from an adverse decision of the trial court - a motion for rehearing or a petition to the
     Arizona Court of Appeals.  See Ariz.R.Crim.P. 32.9.  The instant motions were directed to
27   the trial court, not the court of appeals.  This Court therefore construes them as motions for
28   rehearing.

1   2244(d)(1)(D) triggers the limitation period when "the factual predicate of the claim or

2   claims presented could have been discovered through the exercise of due diligence."  The

3   term "factual predicate" refers to the facts underlying a claim, not the legal significance

4   of those facts.  Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001).  Petitioner

5   contends that the fact that his trial and appellate counsel failed to raise as a defense

6   Petitioner's ignorance of the age of the victim constitutes a factual predicate allowing for

7   statutory tolling under 28 U.S.C. § 2244(d)(1)(D).  Although the failure of counsel to

8   raise a defense constitutes a factual predicate, Petitioner was aware of counsel's failure

9   when the court of appeals affirmed his conviction and sentences.  The possible *legal*

10  *significance* of that fact became known to Petitioner later; unfortunately, the limitations

11  period is not delayed until the petitioner discovers his legal theory.  See Shannon v.

12  Newland, 410 F.3d 1083, 1089 (9th Cir. 2005), cert. denied, 546 U.S. 1171 (2006) ("[A]

13  state-court decision establishing an abstract proposition of law arguably helpful to the

14  petitioner's claim does not constitute the 'factual predicate' for that claim.").

15       Petitioner further argues that dismissing his petition for untimeliness would

16  constitute a miscarriage of justice.  Petitioner contends that if the State was required to

17  produce evidence establishing that he knew or reasonably should have known that the

18  victim was a minor, then no reasonable jury could have found Petitioner guilty.  The

19  miscarriage of justice exception has been generally described as requiring a showing of

20  "actual innocence."  See Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649

21  (1986).  Further, "a petitioner making a miscarriage of justice claim need only present

22  evidence of innocence strong enough 'that a court cannot have confidence in the outcome

23  of the trial unless the court is also satisfied that the trial was free of nonharmless

24  constitutional error.'" Carriger v. Stewart, 132 F.3d 463, 478 (9th Cir. 1997) (citing

25  Schlup v. Delo, 513 U.S. 298, 316, 115 S.Ct. 851, 861 (1995).

26       Petitioner relies on an out-dated version of A.R.S. § 13-407, stating that it is a

27  defense that the defendant did not know or could not have reasonably known that the

28  victim was fourteen, fifteen, sixteen, or seventeen years old at the time of the offense.

However, in 1999, the defense of ignorance as to the victim's age was eliminated with respect to victims fourteen years of age.  <u>See</u> A.R.S. § 13-407, Historical and Statutory Notes.  Here, the victim was fourteen years old on September 30, 2002, the date of the offense.  Although Petitioner's counsel did not raise the defense of Petitioner's knowledge (or lack thereof) of the victim's age, the failure to raise the defense is immaterial since it is no longer a defense to a charge of sexual conduct with a minor that is fourteen years old.  As such, this Court finds that dismissal of Petitioner's petition does not constitute a miscarriage of justice.

**Accordingly**,

**IT IS HEREBY ORDERED** that Petitioner's Objections to the Magistrate Judge's Report and Recommendation are overruled.  (Dkt. #17).

**IT IS FURTHER ORDERED** adopting the Magistrate Judge's Report and Recommendation in its entirety as discussed in this Order. (Dkt. #14).

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied and dismissed with prejudice. (Dkt. #1).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Status is dismissed as moot. (Dkt. # 19).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 20th day of October, 2008.

Mary H. Murguia
United States District Judge